UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TYRONE TRASK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-cv-00534-LEW |
| | ) | |
| CAS BRYANT, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, alleges that the defendants, who are allegedly employed at the prison, have subjected him to harassment and emotional abuse. (Complaint, ECF No. 1.) Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After review of Plaintiff's complaint, I recommend the Court dismiss the matter unless within fourteen days of this recommended decision, Plaintiff amends the complaint to address the deficiencies identified herein.

**DISCUSSION**

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Plaintiff alleges that "each defendant has a history of mental cruelty and abuse of [him]" and that he has been subjected to "constant harassment" while being held "in the intensive mental health unit" of the prison. (Complaint at 3.) Plaintiff's complaint consists of conclusory statements unsupported by any facts. For instance, he has not described the conduct that he contends is harassing or abusive, nor the circumstances in which the conduct allegedly occurred.

"Though … pro se complaints are to be read generously, allegations … must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted). Additionally, the pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."

*Id.* Simply stated, Plaintiff's conclusory allegations are insufficient to support an actionable claim.

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A, unless within fourteen days of this recommended decision, Plaintiff amends the complaint to address the deficiencies identified herein, I recommend the Court dismiss the complaint.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of October, 2026.